# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) Criminal No. 2:12-15 |
| v. | ) Judge Cathy Bissoon |
| | ) |
| BOYD DALE STACEY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On January 25, 2012, Defendant Boyd Dale Stacey ("Defendant") was charged in a one-count indictment with failing to register as a convicted a sex offender between on or about November 4, 2011, and in or around January of 2012, in violation of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a). (Doc. 1 at 1). Defendant has submitted a motion to dismiss the indictment, in which he raises a variety of constitutional issues, and to which the government has responded. (Docs. 28 ad 30). Additionally, pursuant to the Order of this Court, both parties filed supplemental briefs discussing the impact on this case, if any, of the Court of Appeals for the Third Circuit's recent decision in United States v. Reynolds, 710 F.3d 498 (3d Cir. 2013) ("Reynolds II"). See (Docs. 31 and 32).

### I.    Factual Allegations

The indictment alleges that Defendant was convicted in 2000 in Hillsborough County, Florida, of computer pornography and lewd or lascivious conduct, in violation of Fla. Stat. §§ 847.0135(2) and 800.04(6)(a)(2) and (b). In response to the instant motion, the government submits evidence that, upon his release from confinement for the above convictions, Defendant was required to register as a sex offender pursuant to state law, was informed of this

1

requirement and, indeed did so register. See (Docs. 30-5 – 30-6). The 2002 notification on the record explicitly states that Defendant had an obligation to register if he moved to another jurisdiction. (Doc 30-6).

At some point Defendant moved to Pennsylvania, but allegedly failed to register in that state. In 2007 he was charged with failing to register, in violation of former 18 Pa. Cons. Stat. § 4915(a)(1), was convicted of the same in 2008, and was sentenced to three years of probation. (Doc. 30-10 at 2-3). The government submits further evidence indicating that Defendant complied with his registration requirements in Pennsylvania, completing annual registration forms from 2007 until late 2010. (Docs. 30-12, 30-14 – 30-16). The signed registration form from December of 2009 submitted by the government includes a warning that, if Defendant moves to a different state, he is required to register with appropriate authorities in that state. See (Doc. 30-14 at 3).

The government provides additional evidence that Defendant did not complete registration in Pennsylvania at the end of 2011, as required by state law. Defendant admits that he had moved to Ohio. (Doc. 28 at 3). The government alleges that, after moving to Ohio, Defendant did not register as a sex offender in that state. Defendant was located in Ohio in early 2012, and charged with failing to comply with SORNA's registration requirement.

## II.  Analysis

A legal analysis of Defendant's arguments is as follows.

A.  **Nondelegation Doctrine**

Defendant first argues that SORNA is unconstitutional when applied to pre-enactment offenders, like himself.[1] Specifically, it is his contention that Congress, in allowing the Attorney General latitude to promulgate regulations applying SORNA's registration requirements to pre-Act offenders, pursuant to 42 U.S.C. § 16913, violated the nondelegation doctrine.

In Reynolds v. United States ("Reynolds"), --- U.S. ----, 132 S. Ct. 975 (2012), the Supreme Court was presented with a similar nondelegation attack against SORNA. While the Court explicitly recognized the existence of this argument in its opinion, it went on to hold that SORNA's "registration requirements do not apply to pre-Act offenders until the Attorney General so specifies." 132 S. Ct. at 980, 984. Implicit in this conclusion is that Congress's grant of this authority to the Attorney General did not violate the nondelegation doctrine. Simply put, as a matter of logic, the issue of the propriety of any regulations to be promulgated by the Attorney General would be moot if Congress lacked the authority to delegate this task to the Attorney General in the first place. Indeed, the Court of Appeals for the Eighth Circuit recently has held that, even in the wake of the Supreme Court's decision in Reynolds, SORNA's registration requirement is not violative of the nondelegation doctrine when applied to pre-Act offenders. United States v. Fernandez, 710 F.3d 847, 848-50 (8th Cir. 2013).

Moreover, the Attorney General *has* promulgated regulations specifying that pre-Act offenders are subject to SORNA's registration requirement. The government, in its response, cites to the Interim Rule as support for this contention. See (Doc. 30 at 9). While the Court of Appeals for the Third Circuit invalidated the Interim Rule as violative of the Administrative

---

[1] SORNA was not enacted until 2006 – more than four years after Defendant's release from imprisonment for his underlying state law sex crime, but two years prior to his conviction for failing to register under Pennsylvania law. See Pub. L. No. 109-248, 120 Stat. 587 (2006).

3

Procedure Act in Reynolds II, see 710 F.3d at 594, that Rule was replaced by the so-called Final Rule, at the latest, on January 28, 2011. 73 Fed. Reg. 38030; 75 Fed. Reg. 81849-01, 81850 (Dec. 29, 2010). Given that Defendant's alleged bad acts took place between on or about November 4, 2011, and January, 2012, see (Doc. 1 at 1), Reynolds II provides little support for Defendant's attacks on the propriety of the regulations applying SORNA to pre-Act offenders.[2]

It also is noteworthy that, on remand, the Court of Appeals for the Third Circuit explicitly did not reach the nondelegation argument, and appears never to have addressed it on the merits. See Reynolds II, 710 F.3d at 506. However, as this Court has noted after the Supreme Court's decision in Reynolds, "[w]hile other circuit courts' decisions are not binding on this Court, we note that all of the circuit courts which have done so have concluded that the Act does not run afoul of the non-delegation doctrine." United States v. Honaker, No. 11-cr-216, 2012 WL 2952367, at *3 (W.D. Pa. July 19, 2012) (collecting cases). Defendant has provided no persuasive reason to deviate from this conclusion. As a result, this Court recognizes that, even in a post-Reynolds era, Section 16913 does not violate the nondelegation doctrine.

### B.  *Ex Post Facto* Clause

Defendant next attacks his indictment on the grounds that SORNA's registration requirements violate the *Ex Post Facto* Clause when applied to pre-enactment offenders. (Doc. 28 at 7). However, this same argument has been addressed and rejected by the Court of Appeals for the Third Circuit. See United States v. Shenandoah, 595 F.3d 151, 158-59 (3d Cir. 2010),

---

[2] While leaving open the possibility that the later rule might be subject to attack, the holding in Reynolds II invalidated only the Interim Rule. See 710 F.3d 498, 506 n.7 and 594 (3d Cir. 2013). It is noteworthy that, when asked to file supplemental briefs on that case's effect on the instant one, neither party raised the argument that Reynolds II invalidated the Final Rule, which was in force at the time of Defendant's alleged unlawful conduct.

abrogated in other grounds, Reynolds, 132 S. Ct. at 984. Indeed, Defendant appears to concede this fact in his motion. (Doc. 28 at 2). Accordingly, this argument provides no basis for relief.

### C. Lack of Notice

Next, Defendant argues that he never was given proper notice of his requirement to register under SORNA. See 18 U.S.C. § 2250(a)(3); 42 U.S.C. § 16917. He also argues that failing to provide notice of his requirement to register under SORNA is a violation of his Fifth Amendment right to due process, and that any notification he received of his requirement to register under state law is irrelevant. However, these arguments are contradicted by case law in this Circuit that failing to register under SORNA is not a specific intent crime, and that notification of a requirement to register under state law is sufficient to provide notice for SORNA. Shenandoah, 595 F.3d at 159-160. Defendant appears to concede this – at least in part – in his motion. (Doc. 28 at 2).

Here, there is evidence on the record indicating that Defendant was given notice of his requirement to register under Florida law upon his release from custody for his underlying sex offense and, as late as 2010, Defendant had actual notice of his requirement to register in Pennsylvania. See (Doc. 30-6 at 1; Doc. 30-12 at 3; Doc. 30-16). Additionally, the evidence submitted by the government supports the conclusion that, as late as 2009, Defendant had actual notice that, if he moved away from Pennsylvania, he would be required to register in whatever state to which he moved. Accordingly, this argument also fails.

D. **Commerce Clause**

Defendant next argues that Congress exceeded its authority under the Commerce Clause in promulgating SORNA's failure-to-register provision. (Doc. 28 at 16). As with many of his arguments, this too has been addressed and rejected by the Court of Appeals, which determined that SORNA, when applied to individuals who had travelled within interstate or foreign commerce, was within the scope of Congress's power. Shenandoah, 595 F.3d at 160-161; see also United States v. Pendleton, 636 F.3d 78, 86-88 (3d Cir 2011). Here, it is alleged in the indictment, and supported in the record, that Defendant is such an individual. As such, this authority seemingly would undermine Defendant's argument. Be that as it may, Defendant argues that the Supreme Court's recent holding in National Federation of Independent Businesses v. Sebelius compels the conclusion that SORNA's registration requirements are violative of the Commerce Clause and the Necessary and Proper Clause. See --- U.S. ----, 132 S. Ct. 2566 (2012).

Defendant admits in his motion that no five justices joined in a single opinion with respect to the Commerce Clause issue in National Federation. (Doc. 28 at 24-25). Accordingly, the narrowest ground doctrine applies to the Court's holding in that case. Marks v. United States, 430 U.S. 188, 193 (1977) ("When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds. . . ." (internal quotes and citation omitted)). Other district courts that have addressed this very argument with respect to SORNA have found that the "narrowest ground" holding in National Federation with respect to the Commerce Clause was expressed by the Chief Justice: namely, that the Commerce Clause permits Congress to regulate intrastate activities that

have a substantial effect on interstate commerce, but may not do so by compelling those activities. See United States v. Loudner, No. 12-30144, 2013 WL 357494 at *4-*5 (D.S.D. Jan. 29, 2013); see also United States v. Kiste, No. 12-CR-113, 2013 WL 587556, at *4-*5 (N.D. Ind. Feb. 13, 2013); United States v. Lott, --- F. Supp. 2d ----, No. 11-cr-97, 2012 WL 6107676, at *6-*8 (D. Vt. Dec 10, 2012); United States v. Moore, No. CR-12-6023, 2012 WL 3780343, at *3 (E.D. Wash. Aug. 31, 2012). This Court concludes – as did the courts in those other cases – that this narrowly-defined holding does not undermine existing case law that SORNA does not exceed Congress's authority under Commerce Clause. 18 U.S.C § 2250 imposes criminal penalties on a sex offender – as defined by the Act – who (1) travels in interstate or foreign commerce; and (2) knowingly fails to register as a sex offender. Indeed, any argument that SORNA runs afoul of the holding of National Federation ignores the fact that Defendant's alleged change of address from Pennsylvania to Ohio – his entry into interstate commerce – was not compelled by the Act. Accordingly, this Court is constrained by the Court of Appeals for the Third Circuit's prior determination that SORNA's registration requirement does not run afoul of the Commerce Clause or the Necessary and Proper Clause. See, e.g., Pendleton, 636 F.3d at 86-88.

### E.  Right to Travel

Defendant next argues that SORNA unconstitutionally infringes on his right to travel, but concedes that the law of this Circuit rejects such an assertion. (Doc. 28 at 2, 32); see also Shenandoah, 595 F.3d at 162. As such, this Court is bound to do the same.

7

### F. **Tenth Amendment**

Finally, Defendant argues that 18 U.S.C. § 2250(a) impermissibly encroaches on the power of the states, and thus violates the Tenth Amendment to the Constitution of the United States. (Doc. 28 at 33). This argument fail for two reasons. First, SORNA does not compel the states to do anything; it merely provides financial incentives by conditioning federal funds on compliance. See 28 C.F.R § 72.3; 42 U.S.C. § 16925. Such a practice by Congress has long been held to be constitutional. See South Dakota v. Dole, 483 U.S. 203, 207-12 (1987). Indeed, this is precisely the conclusion that has been reached by the Court of Appeals for the Sixth Circuit. See, e.g. United States v. Kidd, No. 12-5420, 2013 WL 870263, at * 1 (6th Cir. Mar. 11, 2013) (citing United States v. Felts, 674 F.3d 599, 202-608 (6th Cir. 2012)). Thus, Defendant's reliance on Printz v. United States, 521 U.S. 898, 935 (1997), is misplaced.

Second, as stated above, it is the law of this Circuit that the enactment of SORNA was within Congress's power under the Commerce Clause. As the government notes in its response, the Court of Appeals has recently reaffirmed its position that "[i]f Congress acts under one of its enumerated powers . . . there can be no violation of the Tenth Amendment." Treasurer of New Jersey v. United States Dep't of Treasury, 684 F.3d 382, 413 (3d Cir. 2012). Accordingly, this argument fails.

AND NOW, this 6th day of May, 2013,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss the Indictment (Doc. 28) is DENIED.

8

BY THE COURT:


s/Cathy Bissoon
CATHY BISSOON
UNITED STATES DISTRICT JUDGE

cc (via ECF email notification):

All Counsel of Record